## James L. Hight and Edward L. Hight v. Edward B. Sanner.

1. Assumpsit—*For Money Had and Received—When it Will Lie.*— A person who knowingly receives the proceeds of property unlawfully sold by another, may be compelled to account therefor in an action for money had and received; and it is immaterial whether he knew who was the owner, or how much was due, or whether he promised to pay the proceeds of the sale to the owner.

2. Trials—*Objections Waived.*—A person who requests that a special interrogatory be submitted to the jury, thereby admits that the question involved is properly before the jury, and can not, on appeal, be heard to object to instructions on the same question, on the ground that there is no evidence on which they can properly be based.

Assumpsit, for money had and received. Appeal from the County Court of Macon County; the Hon. William L. Hammond, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

Shelley Brothers, attorneys for appellants; W. C. Johns, of counsel.

LeForgee & Lee, attorneys for appellee.

Mr. Justice Wall delivered the opinion of the Court.

This was assumpsit by appellee against appellants. The declaration contained the common counts and several special counts, also an amended additional count. The latter averred that the plaintiff delivered into an elevator owned by John W. Walker 1,791 bushels of corn, worth twenty-five cents per bushel, which was stored there for the plaintiff, and was his property; that defendants, well knowing the facts, appropriated the corn to their own use, and thereby became indebted to the plaintiff for the value of the corn, and being so indebted, promised to pay, etc., etc.

The defendants plead non-assumpsit, and the issue being tried by jury, there was a verdict for plaintiff for $403, upon which judgment was rendered, and the defendants appealed.

It appears from the evidence that John W. Walker was engaged in the business of buying and selling grain, and that he had an elevator in which he stored corn belonging to himself and corn belonging to others deposited for storage. He charged and received compensation for such storage, but mingled his corn and that of depositors in a common mass, so that when the depositor called for his corn, or gave an order to sell it, the number of bushels deposited would be taken out of the elevator and disposed of as required by the depositor. The appellants, defendants below, were bankers with whom Walker kept an account. He was in the habit of depositing his drafts with them for grain sold by him, and of drawing checks on them for grain purchased and for other purposes. His account becoming largely overdrawn, J. L. Hight, one of the appellants, urged him to make his balance good, and asked him whether he could not sell grain to raise what he owed them. Walker testifies that he told Hight he had not much in the elevator that belonged to him, but that he would ship and sell all, including that of depositors, if they (the appellants) would pay the claims of depositors therefor; and that while Hight did not expressly say they would do so, he told him to go ahead, ship and sell.

Accordingly corn was shipped in large quantities and sold, the drafts therefor being deposited with appellants, who collected the money thereon. The appellee had at that time some 1,791 bushels of corn on store in the elevator, and there was a considerable quantity belonging to other parties, also on storage. These shipments were made without consulting the owners and without their knowledge, as we infer from the proof. The appellee called on Walker for his corn, and was informed that it had been shipped, and that appellants had the money for it, and that they would, or at least should, pay him the proper amount. Appellees deny that they agreed to pay for corn of depositors. E. L. Hight, who was present at the time of the conversation referred to by Walker, corroborates J. L. Hight in his version of it. They say that Walker did offer to

ship and sell the corn on storage if they would pay the owners and that they declined to do so, and only wished him to sell what belonged to him and give them the proceeds. He says he told them that appellee had corn there, and they deny that the name of appellee was mentioned in that connection.

It is not to be doubted that Walker sold the corn of his depositors and turned the proceeds of it, or some of it, over to the appellants by depositing the drafts with them, but the question in dispute is whether the appellants received the money, knowing it was for corn belonging to depositors, and whether they did so with an understanding that they would satisfy the claim of depositors. There is no proof that they ever had any manual control of the corn, that they in fact handled it as charged in the amended additional count, but if the testimony of Walker is true, they received the proceeds of corn belonging to sundry depositors, of whom appellee was one, and agreed to pay for it to the proper owners, upon which state of facts recovery might be had under the common count for money had and received. As stated, however, this is vigorously denied by appellants. It is not easy to understand why they should make such an arrangement, what they were to gain by it, and why they should incur the risk of trouble very likely to follow, but it is not impossible and it was a question for the jury.

Two special interrogatories were put to the jury at the instance of appellants, as follows :

"1. Does the preponderance of evidence show that Hight & Son took and received the corn, knowing it belonged to Sanner ?

"2. If the money from the sale of Sanner's corn came into the hands of Hight & Son, does the preponderance of evidence show that Hight & Son at the time had notice that the money was the proceeds from the sale of Sanner's corn ? "

The jury answered both of these in the negative, and yet found the general verdict for plaintiff.

It is urged by appellants that the special findings are inconsistent with, and must control the general finding, and that the judgment should have been accordingly. Appellee insists there is no inconsistency. The answer to the first interrogatory is inconsistent with the general verdict for plaintiff upon the additional count, for that count, as well as the other special counts, involves the proposition that the defendants appropriated the corn, knowing it to be the plaintiff's. The answer to the second is inconsistent with the general verdict if it was necessary to a recovery under the common count for money had and received, to show that defendants, when they received the money, knew whose corn was thereby represented.

It is forcibly argued that if defendants knew Walker was selling the corn of his depositors, which he had no right to do, and that the money was the proceeds of such illegal sale, it is not material whether they knew to whom it belonged. If they aided, or assisted, or co-operated with Walker in such an illegal disposition of the corn, no matter whether they knew who owned the corn, their action might be regarded as tortious, and the money coming to their hands by such means might be recovered under the common count for money had and received. 2 Gr. Ev., Sec. 120. So also if there was no wrongful intent by them or by Walker if they promised him to pay out the money to the owners, whether they at the time knew who the owners were or not. In either of these supposable aspects of the matter there was no inconsistency between the special findings and the general verdict.

Some complaint is made of the ruling of the court in giving, refusing and modifying instructions, but after a careful examination of them we think the law of the case was, on the whole, fairly presented. Two instructions, the fifth and sixth, given at the instance of the plaintiff, were not applicable under the evidence because there was no proof that defendants appropriated the corn, but we think the defendants ought not to urge this objection when they asked the court to submit the first interrogatory to the jury,

which assumed there was evidence tending to show that they did take the corn.

A careful consideration of the case makes it apparent that the real question at issue was whether defendants knowingly received the proceeds of corn unlawfully sold by Walker. If they did it is immaterial whether they knew who were the owners or how much was due to each, or whether they promised him to pay over to the owners. This was for the jury and we can not say the verdict is unwarranted by the proof. The defendants knew that Walker had but little corn of his own in the elevator, and yet they knew he was disposing of nearly, if not quite, all therein. Although, as we have already observed, it is not apparent why they should have consented to the arrangement by which he was to sell and turn over the proceeds to them, they to pay out to the depositors, yet they may have participated in the irregular transaction to the extent of receiving the money, knowing how it was obtained, though not knowing who were entitled to it, which as we have seen would be sufficient to make them responsible to the owners of the corn, who might in such case waive the tort and sue in assumpsit for the proceeds.

The issue for the jury was largely dependent upon the credit to be given, the witnesses in view of all the circumstances in proof. We do not feel at liberty to interfere with the conclusion reached, and therefore the judgment will be affirmed.